THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ASSOCIATION FOR ACCESSIBLE MEDICINES,<br><br>     *Plaintiff*,<br><br>  v.<br><br>KWAME RAOUL,<br>in his official capacity as Attorney General of the State of Illinois,<br><br>     *Defendant*. | Case No. 1:24-cv-00544 |

## JOINT STATUS REPORT

  Plaintiff Association for Accessible Medicines and Defendant Kwame Raoul, the Attorney General of the State of Illinois, submit the following joint status report in accordance with the Court's orders of January 26 and February 2, 2024, and its Standing Order for Initial Status Conferences.

  The Court has scheduled a joint status hearing for June 4, 2024. ECF No. 16. The parties have filed and fully briefed two motions: Plaintiff's motion for a preliminary injunction (ECF No. 17) and Defendant's motion to dismiss (ECF No. 25). Given the pendency of these motions—and the impact that the Court's decision will have on the management of this case—the Court may wish to postpone the initial status hearing at this time. (If the Court intends to hold oral argument on the pending motions, the parties anticipate that it would be set for a later date convenient to the Court. The Court could also hold the status hearing on that same date if appropriate.) The parties are prepared to appear for the status conference on June 4 unless the

1

Court directs otherwise.

The Court has asked the parties to report on the following topics:

1. **Possibility of settlement.**

No settlement discussions have occurred, nor do the parties believe such discussions would be productive, particularly at this early stage of the litigation. The dispute concerns the constitutionality of a state law and the case seeks declaratory and injunctive relief, making an out-of-court settlement unlikely.

2. **The nature and length of discovery.**

No discovery has been undertaken. The parties agree that it would be most efficient to postpone any discovery plan until the Court has resolved Plaintiff's motion for a preliminary injunction and Defendant's motion to dismiss under Fed. R. Civ. P. 12(b)(1). The Court's resolution of those motions could eliminate or narrow the need for discovery in this case. A decision in Plaintiff's favor could potentially lead to the case being resolved as a matter of law on Count I without discovery. A decision granting Defendant's motion to dismiss in full or in part would likewise narrow or potentially eliminate the need for discovery. *See DSM Desotech Inc. v. 3D Sys. Corp.*, No. 08-cv-1531, 2008 WL 4812440, at *2 (N.D. Ill. Oct. 28, 2008) ("Stays [of discovery] are often deemed appropriate where the motion to dismiss can resolve a threshold issue such as jurisdiction").

3. **Whether the parties unanimously consent to proceed before the Magistrate Judge.**

The parties do not consent to proceed before a Magistrate Judge.

| | |
|---|---|
| Respectfully submitted, | Dated: May 28, 2024 |
| /s/ Andrianna D. Kastanek<br>Andrianna D. Kastanek<br>JENNER & BLOCK LLP<br>353 N. Clark Street<br>Chicago, IL 60654<br>(312) 840-7285<br>akastanek@jenner.com<br><br>William M. Jay<br>Benjamin Hayes<br>GOODWIN PROCTER LLP<br>1900 N Street, NW<br>Washington, DC 20036<br>(202) 346-4000<br>wjay@goodwinlaw.com<br>bhayes@goodwinlaw.com | /s/ Michael T. Dierkes (with permission)<br>Sarah A. Hunger<br>Michael T. Dierkes<br>Mary A. Johnston<br>Office of the Illinois Attorney General<br>115 S. LaSalle Street<br>Chicago, Illinois 60603<br>312.814.3672<br>312.814.4417<br>michael.dierkes@ilag.gov<br>mary.johnston@ilag.gov |
| *Counsel for Plaintiff* | *Counsel for Defendant* |