THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ASSIGNATION FOR ACCESSIBLE MEDICINES, | ) ) ) | |
| *Plaintiff,* | ) ) | No. 24 C 544 |
| v. | ) ) | Judge Virginia M. Kendall |
| KWAME RAOUL, in his official capacity as Attorney General of the State of Illinois, | ) ) ) ) | |
| *Defendant.* | ) ) | |

**ORDER**

This matter is before the Court on Plaintiff Association for Accessible Medicines' ("AAM") motion for preliminary injunction, (Dkt. 17), and Defendant Attorney General Kwame Raoul's motion to dismiss, (Dkt. 25). For the reasons below, AAM's motion [17] is denied and the Attorney General's motion [25] is granted.

**BACKGROUND**

The Association for Accessible Medicines is a nonprofit association representing manufacturers and distributors of generic and biosimilar medicines. (Dkt. 1 at ¶ 14). AAM is concerned about the constitutionality of House Bill 3957 ("the Act"), which took effect on January 1, 2024. (*Id*. at ¶ 29). The Act prohibits manufacturers and wholesale drug distributors from engaging in "price gouging" in the sale of certain drugs that are "ultimately sold into Illinois." (Dkt. 18-1 at 5). Price gouging is any price increase that meets certain metrics identified in the statute and is "otherwise excessive and unduly burdens consumers." (*Id*. at 4). It does not include price increases that can be "reasonably justified" by reasons identified in the Act. (*Id*. at 4–5). If the Attorney General has reason to believe that a manufacturer or wholesale drug distributor is engaged in price gouging, the Act authorizes him to "send a notice to [the company] requesting a statement" of information relevant to determining whether a violation of the Act occurred. (*Id*. at 5–6). Upon determining that a company engaged in price-gouging, the Attorney General may ask a circuit court to impose various penalties, such as a fine or injunction. (*Id*. at 7–8).

AAM brings this pre-enforcement action seeking declaration that the Act is unconstitutional and moves for a preliminary injunction prohibiting the Attorney General from enforcing the Act against AAM's members. (Dkt. 1 at ¶¶ 70–100; Dkt. 17). The Attorney General moves to dismiss. (Dkt. 25).

1

## **LEGAL STANDARD**

In reviewing a Federal Rule of Civil Procedure 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction, the plaintiff must carry its burden of establishing that jurisdiction is proper. *Ctr. for Dermatology & Skin Cancer, Ltd. v. Burwell*, 770 F.3d 586, 588–89 (7th Cir. 2014). "Facial challenges require only that the court look to the complaint and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction." *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443 (7th Cir. 2009). A court lacking subject-matter jurisdiction must dismiss the action without proceeding to the merits. *See MAO-MSO Recovery II, LLC v. State Farm Mut. Auto. Ins. Co.*, 935 F.3d 573, 581 (7th Cir. 2019).

## **DISCUSSION**

The Attorney General argues that AAM's complaint should be dismissed for lack of subject-matter jurisdiction because AAM lacks standing to bring this action and the issues therein are not ripe for adjudication. He further argues that AAM's motion for preliminary injunction should be denied for the same reasons, adding that AAM fails to carry its burden of persuasion. The Court turns first, as it must, to the question of jurisdiction.

Article III of the Constitution "confines the federal judicial power to the resolution of 'Cases' and 'Controversies.'" *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021) (quoting U.S. Const. art. III., § 2). "For there to be a case or controversy under Article III, the plaintiff must have a 'personal stake' in the case—in other words, standing." *Id*. (citing *Raines v. Byrd*, 521 U.S. 811, 819 (1997)). While organizations do not have standing to assert claims based on their particular concept of the public interest, they may, through associational standing, assert the rights of their members. To show that it has associational standing, AAM must allege that (1) its members have standing to sue in their own right; (2) the members' interests are germane to the organization's purpose; and (3) neither the claim asserted nor the relief requested requires the individual participation of the organizations' members. *Milwaukee Police Ass'n v. Flynn*, 863 F.3d 636, 639 (7th Cir. 2017).

To establish that its members have standing to sue in their own right, AAM must allege that its members (1) suffered an injury in fact that is concrete, particularized, and actual or imminent; (2) the injury was likely caused by the defendant; and (3) the injury is likely to be redressed by judicial relief. *TransUnion*, 594 U.S. at 423. Where, as here, a party seeks pre-enforcement review of the constitutionality of a statute, a plaintiff may satisfy the injury-in-fact requirement by alleging "an intention to engage in a course of conduct arguably affected with a constitutional interest, but proscribed by a statute, and there exists a credible threat of prosecution thereunder." *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 159 (2014) (citing *Babbitt v. Farm Workers*, 442 U.S. 289, 298 (1979)).

AAM insists that some of its members intend to raise the prices of certain drugs in a manner that satisfies "every ascertainable element of the Act's definition of 'price gouging'" such that their actions would "trigger liability under the Act." (Dkt. 1 at ¶ 43). Further, AAM alleges that some of its members, believing that the Act is unconstitutional, intend to proceed with their price

2

increases. This course of conduct, AAM maintains, could lead to "potential enforcement of the Act, which threatens civil penalties and other monetary liability." (*Id.* at ¶¶ 43–44).

Even interpreting the allegations favorably, as the Court must, AAM does not sufficiently allege an injury in fact for two reasons. First, AAM does not allege that its members intend to violate the Act in a manner that is proscribed by the Act. The Act's definition of price-gouging includes clearly delineated price increases, but those increases must also be "otherwise excessive and unduly burden[] consumers." (Dkt. 18-1 at 4). While AAM complains that these terms are "nebulous," it brings no allegations to support the conclusion that the intended price increases would in fact be excessive and unduly burden consumers. Indeed, as the Attorney General points out, AAM repeatedly describes the contemplated price increases as "reasonable" and "necessary," which suggests they would not violate the Act. Because AAM fails to allege that its members intend to do what the Act proscribes, AAM fails to satisfy the injury-in-fact requirement.

AAM also fails to allege that a credible threat of prosecution exists. As an initial matter, AAM does not allege that its members actions are guaranteed to violate the Act, so any threat of prosecution is based upon a purely hypothetical violation of the Act. Moreover, AAM does not allege that any of its members have received a notice of investigation, or have been subject to an investigation or enforcement action. The proposition that one of its members may at some point in the future implement a price increase that would satisfy the definition of price gouging does not give rise to a controversy of "sufficient immediacy and reality" to confer standing. *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007). AAM cannot successfully plead an injury in fact that is based on contingent future events which may not occur as anticipated or may not occur at all.

## **CONCLUSION**

For the reasons set forth above, the Attorney General's motion to dismiss [25] is granted and AAM's motion for preliminary injunction [17] is denied as moot.

_____
Virginia M. Kendall
United States District Judge

Date: June 18, 2024